UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  ASBESTOS PRODUCTS | ) | MDL DOCKET NO.:  MDL 875 |
| LIABILITY LITIGATION (No. VI) | ) | Transfer State:  Wisconsin |
| | | Civil Action No. 11-CV-00077 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

_____

| | | |
|---|---|---|
| | ) | |
| JUDY NOVAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No 11-CV-63909 |
| | ) | |
| CBS CORPORATION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

_____

## BRIEF IN SUPPORT OF CBS CORPORATION'S MOTION TO DISMISS
_____

### *INTRODUCTION*

Without identifying a specific product – or even a particular type of product – for which CBS Corporation was allegedly responsible, the plaintiff claims that CBS was negligent with respect to such unidentified product and that CBS is subject to strict products liability because the unidentified product was unreasonably dangerous. Grouping CBS Corporation together with all other defendants, the complaint simply advances the broad and conclusory allegation that the plaintiff developed an asbestos-related condition from exposure to "asbestos products" that were "sold, manufactured, distributed, packaged, mined, installed or otherwise placed into commerce" by all of the defendants. *Complaint,* ¶¶ 6, 9.  (A copy of the complaint is attached to this brief as Exhibit A.)

Such an allegation lacks the essential plausibility and fair notice that are required by the Supreme Court's mandate in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).  The proper remedy is dismissal of the plaintiff's complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 570.

### ARGUMENT

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  In *Twombly, supra,* the Supreme Court recently explained that Rule 8 requires a complaint to allege sufficient facts to move the claims "across the line from *conceivable* to *plausible.*" 550 U.S. at 557, *emphasis added.*  To cross that line, a complaint must contain "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 570.  A plaintiff's obligation under Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  Requiring a complaint to contain sufficient facts is also necessary to assure that the complaint provides "fair notice" to a defendant and to assure that something more than speculation justifies subjecting a defendant to the time and expense of litigation.  *Id.*

In *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937 (2009), the Court discussed *Twombly* at length and summarized its two essential working principles.  The first is that in considering a motion to dismiss a court is *not* required to accept legal conclusions as true, even when they are couched as factual allegations:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  [citing *Twombly,* at 555]  (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal

> quotation marks omitted)).  Rule 8 marks a notable and
> generous departure from the hyper-technical, code-pleading
> regime of a prior era, but it does not unlock the doors of
> discovery for a plaintiff armed with nothing more than
> conclusions.

129 S. Ct. at 1949-50.  The second *Twombly* principle is the requirement of plausibility,

which *Ashcroft* reiterated in the following terms:

> Second, only a complaint that states a plausible claim for relief
> survives a motion to dismiss. Determining whether a complaint
> states a plausible claim for relief will, as the Court of Appeals
> observed, be a context-specific task that requires the reviewing
> court to draw on its judicial experience and common sense. But
> where the well-pleaded facts do not permit the court to infer
> more than the mere possibility of misconduct, the complaint has
> alleged – but it has not "show[n]" – "that the pleader is entitled
> to relief."  Fed. Rule Civ. Proc. 8(a)(2).

129 S. Ct. at 1950, *citations omitted.*[1]

The complaint in this case fails to satisfy these standards.  It contains several

broad allegations regarding "asbestos products" and the collective conduct of all of the

defendants, but nothing to move beyond speculation into the realm of the plausible.  It

does not contain a single allegation that is unique to CBS Corporation.  In the words of

*Twombley,* this complaint does not contain "enough factual matter," it does not "possess

enough heft," it does not provide the facts necessary "to state a claim to relief that is

plausible on its face."[2]  As to any particular defendant, it provides only the

---

[1]  The citations are to *Twombly,* 550 U.S. at 556, and to the Court of Appeals decision in *Ashcroft,* 490 F.3d at 157-158.

[2]  The quoted phrases from *Twombly* are found in the following sentences: "In applying these general standards to a § 1 claim, we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest than an agreement was made."  550 U.S. at 555.  "The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule (8)(a)(2) that the plain statement possess enough heft to show that the pleader is entitled to relief."  *Id.* at 557, *internal quotations omitted.*  "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

"unadorned, the defendant-unlawfully-harmed-me accusation" that was rejected by *Ashcroft,* 556 U.S. at 1949.  Conceivable?  Yes.  Plausible?  No.

As noted in *Twombly,* an essential purpose of Rule 8 is to "give the defendant fair notice of what the…claim is and the grounds upon which it rests."  550 U.S. at 555, quoting from *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); see also *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007).  The Wisconsin Supreme Court has recognized that identification of the product is essential to such fair notice in a products liability complaint:

> During the review of a motion to dismiss, the allegations in a
> complaint must be construed liberally in favor of stating a cause of
> action.  Nonetheless, in a products liability case, the plaintiff
> must – at a minimum – identify the product alleged to be defective.
>  Doing so puts the defendant on notice and allows the defendant
> to begin building a defense.

*Godoy v. E.I. du Pont de Nemours & Co.*, 2009 WI 78, ¶ 21, 319 Wis. 2d 91, 768 N.W.2d 674, c*itations omitted.*

As applied here, the plausibility and fair notice standards ask no more of a plaintiff than is also required under Fed. R. Civ. P. 11(b), that is, that the plaintiff is required to perform an "inquiry reasonable under the circumstances" prior to filing a complaint.  A reasonable inquiry in asbestos litigation includes, at the very least, an identification of the product upon which a defendant's alleged negligence and strict liability are based.

In contrast, this plaintiff's relentlessly indistinct pleading allows the plaintiff to conduct discovery in hopes that discovery will provide the necessary information to state a claim.  This the law does not allow.  *See Twombly*, 550 U.S. at 570; *Ashcroft*, 129 S. Ct. at 1954-55.  Thus, dismissal of this complaint serves another important purpose of Rule 8 discussed in both *Twombly* and *Ashcroft*, that is, protecting a party from lengthy and costly pretrial discovery based on a complaint that does not rise above the

level of speculation. *See Twombly,* 550 U.S. at 558, quoting from, among other cases, *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.,* 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase"); and *Associated Gen. Contractors of Cal., Inc. v. Carpenters,* 459 U.S. 519, 528, n.17, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983) ("a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.")

In complex litigation, the costs of such discovery "can be so steep as to coerce a settlement on terms favorable to the plaintiff even when his claim is very weak." *Smith v. Duffey,* 576 F. 3d 336, 340 (7th Cir. 2009), citing *Twombly.* Both *Twombly* and *Ashcroft* instruct the reviewing court to draw on its own experience and common sense in determining whether a complaint is sufficient. *Twombly,* 550 U.S. at 556; *Ashcroft,* 129 S. Ct. at 1950. As this Court is aware, a defendant charged with asbestos liability is often required to attend lengthy depositions and respond to broad discovery requests, only to eventually determine that the plaintiff never worked with or near any products connected to that defendant. A plaintiff alleging asbestos exposure must not be permitted to group numerous defendants together with speculative and "threadbare" recitals, hoping to extort settlements or later discover evidence sufficient to support a claim. *See Ashcroft,* 129 S. Ct. at 1949. For that reason, where the complaint fails to meet the standards of Rule 8, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly,* 550 U.S. at 545, citing 5 Wright & Miller § 1216, at 233-234, which quotes from *Daves v. Hawaiian Dredging Co.,* 114 F. Supp. 643, 645 (D. Hawaii 1953).

### CONCLUSION

In *Twombly* and *Ashcroft*, the Supreme Court concluded that complaints failing to meet the fundamental standards of Rule 8 must be dismissed for failure to state a claim.  For the reasons set forth above, defendant CBS Corporation asks this Court to grant the same relief and enter an Order dismissing the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Dated this 11th day of April, 2011.

GASS WEBER MULLINS LLC
Attorneys for CBS Corporation

s/ Teirney S. Christenson
Teirney S. Christenson, SBN 1056438
309 North Water Street, 7TH Floor
Milwaukee, WI  53202
Phone:   414-223-3300
Fax:       414-223-6116
christenson@gasswebermullins.com