**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In Re: ASBESTOS PRODUCTS | : | |
| LIABILITY LITIGATION (No. VI) | : | Civil Action No: |
| | : | MDL 875 |
| This Document Relates Only to the 72 | : | |
| Cases Identified on Exhibit A | : | |
| (Hereinafter referred to as CVLO-3) | : | |

### CASE MANAGEMENT AND SCHEDULING ORDER FOR CVLO-3

**AND NOW**, this 27th day of September, 2011, in accordance with the principles and procedures set out in this Court's "Case Management and Scheduling Order for CVLO-1" of July 15, 2011, and the amendment to that Order of August 4, 2011, **IT IS HEREBY ORDERED THAT**, as to the cases identified in Exhibit "A," the following discovery and pretrial management deadlines shall apply:

1. Defendants shall file any motions to dismiss based upon noncompliance with Administrative Order No. 12 by:  November 16, 2011

2. Plaintiffs shall respond to any such motions by:  November 30, 2011

3. All medical evidence in plaintiffs' possession, or that will be presented to, or relied upon by plaintiffs' experts, including X-rays, pathology, and 524(g) bankruptcy trust submissions shall be submitted to IKON by:  December 7, 2011

4. All HIPAA-compliant medical authorizations shall be submitted to the defense by:  December 7, 2011

5. Discovery requests regarding product-specific and exposure evidence pursuant to Federal Rules of Civil Procedure 33, 34, and 36 may be issued at any time. However, the parties are precluded from taking any depositions pertaining to questions of product identification and exposure of **non-plaintiffs** before December 7, 2011, and of **plaintiffs** before January 4, 2011 unless counsel for all interested parties agree or any particular proposed deponent is suffering from a serious medical condition such as to be deemed *in extremis*.

6. All remaining fact discovery must be completed by:  May 7, 2012

7. Plaintiff's expert reports must be filed by: <u>June 4, 2012</u>

8. Defendants' expert reports must be filed by: <u>June 18, 2012</u>

9. All expert discovery must be completed by: <u>July 16, 2012</u>

10. Any motions *in limine* (except those pertaining to Drs. Shonfeld, Anderson and Sadek ) must be filed by: <u>July 30, 2012</u>

11. Any dispositive motions must be filed by: <u>August 6, 2012</u>

12. Responses to such motions *in limine* must be filed by: <u>August 13, 2012</u>

13. Responses to any dispositive motions must be filed by: <u>August 20, 2012</u>

14. Replies to such motions *in limine* must be filed by: <u>August 20, 2012</u>

15. Replies to any dispositive motions must be filed by: <u>August 27, 2012</u>

16. The parties have advised us that they anticipate that the plaintiffs will not need to file expert reports on the reasonableness and necessity of the medical expenses, as the parties likely will agree on this issue. We acknowledge that each defendant may decide to dispute such expenses in any given case, and will deal with those disputes accordingly. However, given the likelihood of such agreements and to the extent necessary, plaintiffs shall not be obligated to file such expert reports until after dispositive motions have been adjudicated or suggestions for remand have been filed.

17. Responses to requests for documents and other paper discovery must be served in accordance with the Federal Rules of Civil Procedure, unless subject to a written agreement by the parties.

18. Depositions conducted during discovery are to be governed by the Federal Rules of Civil Procedure, as modified by the Deposition Protocol entered on August 4, 2011 (and amended on September 26, 2011) attached to this Order as Exhibit "B", as well as any future protocol agreed to by the parties and approved by the Court.

19. Discovery is not to occur in any cases filed by Cascino Vaughan Law Offices which have not been placed on a scheduling order. The Court will entertain, however, from any party a request for leave to take a deposition of any individual with relevant information who is suffering from a serious medical condition such as to be deemed

    *In extremis*. Such a deposition is not to be noticed unless leave of court has been given.

20. The role of defense liaison counsel will be to coordinate communications between the defense and the Court and to work with plaintiffs' counsel to come to agreement on broad issues. However, to the extent any party should have a particular objection or issue with regard to any case, that party is free to deal with plaintiffs' counsel directly.

21. A settlement conference, with client representatives to be in attendance in person, shall take place at such time as the Court, upon the recommendations of the parties or otherwise, deems appropriate.

                                                            BY THE COURT:

                                                      /s/ David R. Strawbridge USMJ
                                               DAVID R. STRAWBRIDGE
                                             UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

| Last Name | First Name | ED-PA Case# |
|---|---|---|
| Ahnert | Daniel | 10-CV-67443 |
| Andris | Arthur | 10-CV-67885 |
| Arendt | Anthony | 09-CV-91900 |
| Baumann | Eugene | 11-CV-63517 |
| Bevers | David | 09-CV-61321 |
| Binder | Robert | 10-CV-67817 |
| Burkee | James | 10-CV-83247 |
| Cadotte | Joseph | 10-CV-64680 |
| Childs | Earl | 08-CV-91089 |
| Collins | Arthur | 10-CV-64567 |
| Connell | Daniel | 09-CV-60552 |
| Deis | John | 08-CV-88675 |
| Dowell | Charles | 08-CV-91356 |
| Doyle | James | 08-CV-89845 |
| Ferrara | Michael | 11-CV-63906 |
| Haffner | Robert | 08-CV-89863 |
| Hakes | Donald | 10-CV-68063 |
| Hansen | Warren | 10-CV-62038 |
| Harmon | James | |
| Hass | Laverne | 09-CV-60267 |
| Hass | Laverne | 09-CV-60298 |
| Hay | Robert | 09-CV-64612 |
| Held | Donald | 10-CV-67814 |
| Jakubowski | Florian | 10-CV-67831 |
| Jenkins | Harold | 08-CV-92237 |
| Joyner | Donald | 09-CV-64626 |
| Knaebe | Gustave | 10-CV-67881 |
| Larweth | Dennis | 08-CV-89914 |
| Lawson | Carl | 10-CV-69031 |
| Lorentz | Eugene | 10-CV-61348 |
| Louis | Richard | 10-CV-64606 |
| Meagher | John | 09-CV-60445 |
| Merline | John | 11-CV-63485 |
| Michels | Ronald | 10-CV-62047 |
| Miller | Homer | 09-CV-61040 |
| Montgomery | Dane | 09-CV-64739 |
| Morris | Michael | 09-CV-61495 |
| Morris | Roy | 10-CV-62062 |
| Novak | Judy | 11-CV-63909 |
| O'Mullane | Jay | 08-CV-88676 |
| Obermeier | Sylvester | 09-CV-61019 |
| Oliphant | John | |
| Olson | Dale | |
| Ostrand | Russell | 11-CV-63493 |
| Parsons | Harry | 10-CV-64587 |
| Passarelli | William | 08-CV-90252 |
| Pellegrini | John | |
| Percy | Warren | 10-CV-68053 |
| Pertzborn | James | 10-CV-61352 |
| Rickey | Marvin | 10-CV-61345 |
| Schindler | Edward JH | 10-CV-67753 |
| Schmoll | Cyril | 09-CV-61026 |
| Short | Robert | 10-CV-67528 |
| Spychalla | Leonard | |
| Stephens | John | 09-CV-64733 |
| Subert | Richard | 11-CV-63484 |
| Suoja | Oswald | 09-CV-60256 |
| Sutherlin | James | 10-CV-64565 |
| Usterbowski | Kenneth | 09-CV-60266 |
| Vander Lugt | Arthur | 10-CV-67660 |
| Vradenburg | Stanley | 09-CV-62185 |
| Walker | Robert | |

| | | |
|---|---|---|
| Waltenberg | Claude | 09-CV-61499 |
| Werner | Clement | 10-CV-61908 |
| Wilhelm | James | 11-CV-63497 |
| Willocks | Tommy | 09-CV-64701 |
| Wilson | Harold | 08-CV-90732 |
| Woods | Dale | 11-CV-66277 |
| Woods | James | 09-CV-62583 |
| Wright | Barry | 08-CV-90345 |
| Yeager | Charles | 10-CV-67673 |
| Zdency | George | 08-CV-90262 |
| Zerbel | Roger | 11-CV-63506 |

# EXHIBIT B

**Amended Protocol for Plaintiff and Co-Worker depositions to be taken in Cascino Vaughan Law Offices MDL 875 cases assigned to Magistrate Judge David R. Strawbridge**
(September 26, 2011)

1. This protocol shall supercede any preceding agreed-upon, or ordered, protocol. It shall apply to all cases designated as the "First Ten" or "Top Ten" as well as the cases designated as CVLO-1, which are those subject to the court's "Amended Case Management and Scheduling Order for CVLO-1." It is further contemplated that the protocol shall apply to all of the CVLO cases assigned to this Magistrate Judge as they become the subject of scheduling orders over the next 18 months or so. As to any depositions already noticed, but not yet taken, this protocol shall apply to the extent that the parties have previously agreed upon certain provisions contained within the protocol, or have agreed to other procedures not contained within the protocol, and have been acting in accordance with those agreements, those agreements willll be considered binding.[1] Other than as provided in this protocol, the depositions will be conducted pursuant to the Federal Rules of Civil Procedure.

2. The parties will issue a separate notice of deposition for each deponent pursuant to Rule 30 of the Federal Rules of Civil Procedure. The notice shall contain a separate caption including the plaintiff's name and case number for each case in which the witness is being offered. The notice must be served upon all counsel of record in the case(s) listed in the caption at least 14 days before the proposed date. Depositions of plaintiffs and co-workers shall not be noticed as being taken "In re: All" cases. E-mail service is sufficient. The parties will endeavor to schedule depositions at hotel, court reporting agency or law firm conference rooms although the parties recognize some witnesses are unable to travel due to health or age. In addition to the information required by Rule 30, the notice of deposition will include the following:

    the names of the plaintiff(s) and case number(s) in which the deposition is being taken

    whether the testimony will be videotaped

    the identity of the defendants about which the witness is expected to testify and if the witness is being offered in multiple cases, the identity of the defendants about which the witness is expected to testify and in which case the witness will offer that testimony

3. Objections by any defendant to the notice of deposition shall first be presented to counsel

---

[1] We consider this to include any agreements reached between Robert McCoy, esq., as plaintiffs' counsel and Michael Drumke, esq. as defense liaison counsel in their efforts to draft a deposition protocol pursuant to our Letter Order of June 27, 2011 and subsequent conversations with them.

        for plaintiff by e-mail to: cvlodep@gmail.com with a copy to all defense counsel of record in the case(s) listed on the notice at least seven (7) days before the scheduled deposition. Once an objection to the notice is raised, all defendants of record in the case(s) listed on the notice shall be deemed to have joined in the objection unless they specifically indicate otherwise. Repetitive or duplicative objections must not be made. Once an objection is raised, the parties shall attempt to resolve the objection(s) in good faith. Objections which cannot be resolved by the objecting defendant and plaintiff's counsel shall be presented to the Court for resolution at least three (3) days before the scheduled deposition.

4. The defendants attending the deposition will determine the order of the defense cross-examination. Redirect and recross are allowed. The parties may seek to extend or shorten the time limits set forth in the Federal Rules of Civil Procedure for reasonable cause and the Court anticipates cooperation in making such agreements. Each defendant shall been afforded a fair and reasonable opportunity to ask question of every witness.[2]

5. An objection by one party during the deposition is deemed asserted by all parties. Relevance objections are preserved and are not to be asserted. To expedite the taking of depositions, counsel must instruct witnesses on deposition procedures prior to commencement of the deposition on the record.

6. In order that parties do not needlessly attend depositions, any defendants who have been named, served, and who have entered their appearance(s) in the case(s) listed in the caption of the deposition notice may attend the deposition. However, if any defendant, who has been named, served and appeared in the case(s) listed in the caption of the deposition notice is not listed in the deposition notice as being the subject of expected

---

[2] Although there was some discussion between the parties with respect to including some time limit on the depositions which could not be exceeded except by agreement or leave of court, we decline to include such a limit in that there will likely be considerable variation with regard to the time necessary to complete particular depositions. As the comments to Federal Rule of Civil Procedure 30(d) recognize, the degree to which the default 7-hour limitation should be extended, if at all, depends upon several factors, including whether the examination covers long periods of time or lengthy documents, whether it is a multi-party case or a multi-case deposition and whether the lawyer for the witness also asks questions of the witness. We understand that these factors may apply to particular depositions to varying degrees, and expect that the attorneys will use their time efficiently to fully question the deponent while avoiding questions that are unnecessary or duplicative of questioning already conducted by another party. Should there be an abuse of this process, we remind the parties that sanctions may be imposed, including the award of reasonable expenses and attorneys fees, for conduct that "impedes, delays or frustrates the fair examination of a deponent." Fed. R. Civ. P. 30(d)(2).

       testimony, that defendant shall not be required to, but may attend the deposition. Should any defendant that is not listed in the deposition notice as being the subject of expected testimony be unexpectedly implicated in said deposition, said defendant will be given an opportunity to examine the witness prior to any use of the deposition against that defendant. The purpose of this clause is to eliminate the need for parties to cross-examine a witness about the inability to provide testimony about a particular defendant which is not identified in the notice. If any defendant not listed in the notice of deposition is implicated in a deposition and any party to the notice wishes to use the testimony against the unlisted defendant, the party seeking to use the testimony shall provide notice within 14 days of the date of deposition to the unlisted defendant and schedule a time to resume the deposition for the purposes only of the testimony relating to the unlisted defendant. Failure to provide such notice within 14 days of the conclusion of the deposition shall constitute waiver of any rights by the parties to use the testimony against the unlisted defendants in any matter and such testimony shall be barred as against the unlisted defendants.

7.    A party providing notice of videotaping shall be responsible for arranging the videotaping and paying the videographer's appearance fee, if any.

8.    Parties may attend by telephone provided they make arrangements in advance through the court reporting services designated in paragraph 9 below and agree to pay their *pro rata* share of the costs for the teleconference. Parties attending by phone must keep phones muted during testimony, except for the purposes of asking questions or asserting objections, to prevent disruptive sounds. All parties appearing by phone shall be identified on the written record.

9.    Each party shall pay the cost of obtaining deposition transcripts desired by the party. The parties agree to cooperate to obtain negotiated rates from a court reporting service. Unless otherwise agreed to by all parties or unless the designated firm is unable to provide court reporting services, the court reporting firm to be used for all depositions shall be:

       For all non-Wisconsin depositions:

               PohlmanUSA Court Reporting
               10 South Broadway, Suite 1400
               St. Louis, MO 63102
               Phone: (877) 421-0099
               Fax: (314) 421-1115
               Website: http://pohlmanusa.com

       For all Wisconsin depositions:

Gramann Reporting, Ltd.
710 North Plankinton Avenue, Suite 710
Milwaukee, WI 53203
Phone: (414) 272-7878 or (800) 899-7222
Fax: (414) 272-1806
After Hours: (262) 367-8295 or (414) 380-9885
Website: www.gramannreporting.com

10. Multiple depositions may be noticed on the same day and at up to four (4) locations per day providing that a party may seek to reschedule if experienced deposition counsel is not available to cover the second or third depositions.[3] Without the agreement of all counsel of record in the case(s) listed in the caption of the deposition notice, no deposition shall be scheduled on a Saturday, Sunday, court holiday or on the day prior to or day of a court-mandated status conference in the matters assigned to Magistrate Judge Strawbridge at which plaintiff's counsel or defense liaison counsel are required to be present.

11. No deposition testimony may be used against any party that did not receive notice of the deposition. The parties further stipulate that deposition testimony against a party not represented at said deposition on account of that party's reliance upon the notice of deposition shall not be used against the unrepresented party.[4]

12. Any party may, no later than 10 days before the date of the deposition, cross-notice the deposition against a defendant not identified at the job sites in plaintiff's pleadings or

---

[3] This allowance is made in recognition of the expedited discovery schedule under which counsel will be working. It is also a compromise between the positions of the parties, where plaintiffs' counsel wished to conduct up to four depositions in one day and defense counsel would agree to conduct only up to two depositions per day.

[4] The parties disputed the inclusion of this provision. While plaintiffs' counsel felt it was sufficient to rely upon the procedures set out in Paragraph 6 of the Protocol, defense counsel felt those procedures were insufficient. They expressed concern that any uncertainty regarding the future use of deposition testimony against a party who did not attend that deposition in reliance on its absence from the notice of deposition would encourage every defendant to have counsel present at each deposition to protect its rights should the deponent unexpectedly implicate them. It has already been decided by the Presiding Judge that deposition testimony may not be used in the MDL against a party who was not represented at the deposition. *Cowley v. AC&S*, Civ. No. 07-62831, Doc. No. 36 (E.D.Pa. Dec. 23, 2010). We make that principle explicit in this paragraph. Defense counsel also requested that the use of any deposition testimony be limited to cases in which Cascino Vaughan Law Offices represents the interests of the plaintiff, and for no other purpose. Given our unwillingness to engage in any speculation over the prospective use of any deposition, we decline to impose such a limitation.

answers to discovery without court approval if the defendant is a party in a case assigned to Magistrate Judge Strawbridge. If the defendant cross-noticed is a non-party in the case(s) listed on the notice, the cross-notice is subject to the consent of the non-party defendant.

13. Unless otherwise agreed to by counsel, no deposition may be noticed until plaintiff has complied with all orders regarding discovery applicable to the case, including those orders previously entered by Judge Reed during the mediation phase of this litigation. Discovery that has been timely served and is answerable prior to the date of the deposition shall be deposited with IKON by the date it is due so that it may be available for use prior to the deposition. Additionally, plaintiff's complete verified answers to standard interrogatories and complete fact witness disclosures, as a well as any Social Security statement of earnings, military records, union records or medical records in the possession of the plaintiff or the plaintiff's attorneys shall be deposited with IKON in Chicago prior to the issuance of any notice of deposition of that plaintiff by plaintiff's counsel. If any of the aforementioned records are not in the possession of the plaintiff or plaintiff's attorneys, plaintiff shall provide signed authorizations to obtain those records to the defense at least 30 days prior to the date the deposition is to occur. Defense counsel may also request signed authorizations to obtain those records at any time, without regard to whether a notice of deposition has been issued in a particular case.[5]

---

[5] This paragraph represents a resolution by the Court of a disagreement between the parties as to its precise terms. While the parties agreed that plaintiffs' counsel would provide answers to standard interrogatories, and any medical, military or union records, or bankruptcy claim forms in their possession prior to the issuance of a notice of deposition, they disagreed as to when the answers to the standard interrogatories were to be verified, as well as whether plaintiffs' counsel would provide fact witness disclosures or Social Security statements of earnings. Additionally, there was disagreement as to whether any deadline should be included for the provision of authorizations allowing defense counsel to obtain such records independently.

We conclude that defense counsel is entitled to verified answers to interrogatories and fact witness disclosures prior to the issuance of a notice of deposition. We do not anticipate that this will be unduly burdensome considering that, under Judge Reed's Order of November 15, 2010, verified answers were to have been deposited in IKON no later than February 21, 2011. Similarly, fact witness disclosures are normally produced early in the discovery process under Rule of Civil Procedure 26(a) and defense counsel is entitled to use those disclosures in preparation for a deposition. Further, we see no reason, and plaintiffs' counsel has provided us with none, to distinguish Social Security records from the other records plaintiffs' counsel has agreed to provide. To the extent those records are in their possession, they must be provided to defense counsel. Otherwise, signed authorizations to obtain those records must be provided to the defense at least 30 days prior to the date the deposition is to occur.

14. Plaintiffs may petition the Court to modify the provisions of this protocol for good cause such as in situations in which the plaintiff suffering from a serious medical condition such as to be deemed *in extremis*.

And it is so ordered.

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

Dated: September 26, 2011